UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 15-20652

       v.                                     Hon. George Caram Steeh

DERRICK KENNEDY (D-9),

       Defendant.
_____/

ORDER DENYING DEFENDANT'S THIRD MOTION
FOR RELEASE PENDING SENTENCING (ECF NO. 1970)

      This matter is before the Court on defendant Derrick Kennedy's third motion for bond pending sentencing (ECF No. 1970). Defendant entered a guilty plea to RICO Conspiracy on February 28, 2018. Since then, has provided substantial assistance to the government and is expected to testify one more time, at the retrial of a codefendant, before he will be sentenced. Defendant was on pretrial release supervision with conditions from December 5, 2016 until April 6, 2021. The Court cancelled defendant's bond after he committed multiple violations of his conditions, including tampering with and cutting off his GPS monitoring device, leaving

-1-

the jurisdiction, and fleeing from law enforcement. Defendant has now served 26 months in custody since his bond was cancelled.

A judicial officer shall order a person found guilty to be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143. Defendant maintains that he can be trusted to appear as required and not engage in any new criminal behavior, because he faces a short prison sentence so he has an incentive not to do anything that would void the terms of his plea agreement. In further support of his pending motion, defendant argues that he has substantially completed the terms of his plea agreement. Defendant must testify at the retrial, which was originally set for June 14, 2023, but has been adjourned four months to October 26, 2023. Finally, defendant relies on his previously proposed third-party custodian and employment as safeguards if he is released pending sentencing.

When the parties last appeared before the Court, on January 24, 2023, the Court heard testimony from Mrs. Thesia Wilson-Upshaw, who offered defendant employment at her tax preparation company, and Mr. Alfonzo May, defendant's father-in-law and proposed third-party custodian. The Court also received an updated report from the Pretrial Services

Officer, who undertook an investigation into defendant's proposed employment and conducted a home assessment of the proposed bond address. In denying defendant's request for release on bond pending sentencing, the Court found as follows:

> Mrs. Wilson-Upshaw indicated that defendant previously worked for her company as a tax preparer from 2019 to 2020. She described defendant as a good and dependable employee. The job Mrs. Wilson-Upshaw is now offering defendant involves delivering office supplies, transporting clients to and from the office, greeting clients, preparing intake folders, making photocopies, scheduling business appointments, cleaning the office, and opening and closing the business. Mrs. Wilson-Upshaw advised the Court that defendant would not have access to her client's personal information. However, the Court is not convinced defendant can be shielded from all access to personal information and does not believe the proposed employment is appropriate. There is evidence suggesting that defendant committed financial fraud during the period he was a fugitive. His wife alleged he committed unemployment fraud and provided photos of multiple debit cards in defendant's possession. The United States Marshal Services provided a picture of defendant at an ATM with what appears to be several debit cards in his hand. The Court agrees with the assessment of Pretrial Services that defendant's proposed employment is not appropriate and poses a risk to the public due to the potential access to personal information.
>
> Mr. May indicated a willingness to assist monetarily with defendant's bond, provide support to the defendant, and act as a third-party custodian if deemed necessary by the Court. Pretrial Services conducted a home assessment of the proposed bond address and found it to be suitable. However, based on Mr. May's own criminal history, Pretrial Services does not believe him to be a suitable third-party custodian. The Court agrees with the assessment made by Pretrial Services.

ECF No. 1889, PageID. 28409 – 28410.

The Court continues to have serious concerns regarding defendant's risk of non-appearance and danger to the community. During the period when defendant was on pretrial release, he left the state without permission, failed to report to Pretrial Services as directed, tampered with his location monitoring device to shield his location, cut off his location monitoring device, and led law enforcement in Tennessee on a high-speed chase while he was a fugitive from justice. Based of the nature of the instant offense, defendant's criminal history, and his history of assaultive behavior, defendant continues to pose a threat to the community. No new evidence has been offered to change the Court's conclusion that there are no conditions, including the proposed employment and proposed third-party custodian, that can assure defendant's appearance as required and adequately protect the community. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for release pending sentencing (ECF No. 1970) is DENIED.

Dated:  June 27, 2023        s/George Caram Steeh
                             GEORGE CARAM STEEH
                             UNITED STATES DISTRICT JUDGE

-5-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 27, 2023, by electronic and/or ordinary mail.

s/Michael Lang
Deputy Clerk