# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

    Case No. # 15-20652
    Hon. George Caram Steeh

D-9 DERRICK KENNEDY,

    Defendant.

___

## MOTION FOR IMMEDIATE SENTENCING

Pursuant to The Sixth Amendment, FRCRP 32(b) and 18 U.S. Code § 3143 Defendant Derrick Kennedy moves this Honorable Court to set an immediate sentencing date. Factual and legal authority in support of this Motion are contained in the attached Brief in Support.

Respectfully submitted,

/s/ Michael Norman
Counsel for Defendant
801 W. Big Beaver Rd. Ste. 600
Troy, MI 48084
(248) 541-2600
Email: mike@bartonmorris.com

Dated: August 1, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,                              Case No. # 15-20652
v.                                           Hon. George Caram Steeh

D-9 DERRICK KENNEDY,

    Defendant.
_____

## BRIEF IN SUPPORT OF MOTION FOR IMMEDIATE SENTENCING

**Facts**

On February 28, 2018, Defendant entered a guilty plea to Count One of the Sixth Superseding Indictment, which charges him with RICO Conspiracy. Defendant entered into an agreement to a sentence range of 48-60 months as part of his plea agreement. Defendant has provided substantial assistance to the government in the case against his multiple co-defendants. Defendant was on pretrial release supervision with conditions from December 5, 2016 until the court cancelled his bond on April 22, 2021. Bond was cancelled when Defendant cut his GPS monitoring device after receiving threats on his life from co-defendants. Defendant has in total served 38 months in custody as of the date of this Motion. On November 9, 2016, Mr. Kennedy was ordered to be detained. On December 5, 2016, Defendant was released on bond with conditions. On June 25, 2020, Defendant appeared for a bond violation hearing and was ordered detained pending a hearing. On July 14,

1

2020, Defendant was released to 24-hour home confinement. On or about March 31, 2021, Defendant advised pretrial services that his life was in danger and his address had been shared on social media. Defendant removed his tether. On April 22, 2021, Defendant was arrested and has remained in custody to today's date.

Defendant completed all other terms of his agreement with the government. All that remains is the sentencing for his conviction. Defendant has testified in three trials; two while on bond and one since being detained. He has never failed to appear for anything related to this case, including but not limited to, trial, meetings, or court. The last trial Defendant testified in resulted in a hung jury and was originally rescheduled for June 2023. The trial has now been adjourned to October 2023; with no guarantee the trial will actually start in October. Defendant does not have a sentencing date and presumably one will not be scheduled until the final trial is complete.

**Argument**

Sentencing

Pursuant to FRCP 32(b)(1) The court must impose sentence without unnecessary delay. Defendant pled guilty on February 28, 2018, almost five years ago. Defendant has appeared and testified for the government in multiple trials. There is nothing to prevent Defendant from testifying in the final trial after sentencing. The Supreme Court has stated that unreasonable delay in sentencing may

constitute a violation of a defendant's Sixth Amendment right to a speedy trial. Pollard v. United States, 1957, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393. In the consideration of whether there has been a violation of a defendant's Sixth Amendment rights, the Supreme Court has enunciated four factors that should be considered: the length of delay, the reason for the delay, whether a defendant has asserted his Sixth Amendment right, and whether prejudice to a defendant has resulted from the delay. Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; United States v. Campbell, 531 F.2d 1333, 1335 (5th Cir. 1976).

Defendant's sentencing has been delayed for 5 years. A five-year delay in sentencing is an unnecessary delay. Defendant is entitled to be sentenced as soon as possible. This Court's Administrative Order No. 10-AO-003 regarding the Speedy Trial Act Plan states "A defendant shall ordinarily be scheduled for sentence not less than 90 days after the date of conviction by verdict, plea of guilty, or nolo contendere." It has been well over 90 days since Defendant pled guilty.

The reason for the delay of Defendant's sentencing has been based on the scheduling of trials and nothing related to the Defendant. The Defendant has not requested any significant adjournments. Defendant has not waived his Sixth Amendment rights and asserts them through this motion. Finally, Defendant has been prejudiced by spending an excessive amount of time in detention. Additionally, Defendant is unable to work to support his family even though he has obtained two

offers for employment upon his release. The first was with a tax service, and the second was with an automotive dealer and repair shop after pretrial services argued the tax service was not appropriate for Defendant. (Exhibit A). Pretrial services also raised concerns about Mr. Kennedy residing with a person who had a 40-year-old criminal conviction. Defendant can reside with his mother and sister in Oakland County, neither of these people have criminal convictions.

Detention

A judicial officer shall order a person found guilty be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community…If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)." 18 U.S. Code § 3143. Defendant is unlikely to flee or pose a danger to the safety of any person or the community. Defendant has a plea agreement with the government which can be voided if he fails to comply going forward. He is unlikely to violate the terms of his agreement by failing to appear for sentencing or engaging in any new criminal behavior. While he did previously leave the state due to threats against his life by co-defendants, all co-codefendants in this case have entered pleas or had a trial as of the filing of this motion. His agreed upon sentencing guidelines are 48-60 months and, having served 37 months in addition to completing other terms of his agreement

4

with the government, he likely does not have much longer to serve. Defendant is not yet scheduled for sentencing in this case due to a hung jury in the case of his co-defendant where he testified in October 2022. The new trial date for the co-defendant is in currently set for October 2023 however, it was originally scheduled for June 2023, then adjourned to July 2023, and now October 2023.

Sentencing Consistency

Defendant's current detention exceeds several defendants who have not provided assistance to the government but were convicted of the same or similar offenses. Defendant 15, Fitzpatrick was sentenced to 46 months; Defendant 17, Hendrix was sentenced to 30 months; Defendant 20, Adams was sentenced to 30 months. Other Defendants, although sentenced to more time, have been released based on good time and programs available to them in Prison that are not currently available to Mr. Kennedy in detention. Defendant 21, Hicks was sentenced to 68 months but released on August 5, 2022; Defendant 5, Graham was sentenced to 67 months but released on September 23, 2021, both Hicks and Graham served less time in prison than Defendant Kennedy has been detained. In order to avoid disparate sentencing, Mr. Kennedy should be released on time served.

Defendant's Continued Detention Without Sentencing Violates Due Process

Defendant's detention for 38 months raises concerns of due process. Defendant has been detained longer than the time several Defendant's have been

5

sentenced to or served in prison. Pretrial detention violates Fifth Amendment due process when it amounts to punishment, Bell v. Wolfish, 441 US 520, 535 (1979). It is well established in the Sixth Circuit that excessive pretrial detention can violate due process. United States v. Watson, 475 Fed.Appx. 598, 601 (2012).

In determining whether pretrial detention is excessive the Sixth Circuit looks to Second Circuit case law to address the issue. Id. The Second Circuit Considers four factors in determining if pretrial detention has become unconstitutionally excessive: 1) the length of the detention; 2) the prosecution's responsibility for the delay; 3) the gravity of the charges; and 4) the strength of the evidence said to justify the detention. Where the length of detention exceeds two years, courts have typically upheld continued detention only if "the government was not responsible for a significant portion of the delay and special circumstances indicated that the defendant's release would pose an extraordinary threat to the government's regulatory interest in detention. United States v. Wright, __F Supp 3d__; 2022 WL 17547268 at *2 (SD GA, Savannah Division).

Defendant has been detained for 38 months and 5 years have passed since his plea was entered. This is clearly an unreasonable length of detention. The prosecution is solely responsible for the delay. Defendant has not taken any action to slow down the legal process. The charges, although significant, have resulted in his Co-Defendants with similar conduct being sentenced to less than the 38 months

this Defendant has spent in detention. Defendant is facing 48-60 months in prison based on his plea agreement, a term that he has essentially already served in pretrial detention. Pretrial services has argued that Defendant's release would endanger the community, however if Defendant had been sentenced 5 years ago, he would be released into the community by now making pretrial services argument unreasonable. The Defendant has served his time and continued detention is punitive.

Probation has argued that there is no set of conditions to assure his appearance as required and the safety of the community. Probation's concerns are not valid as it relates to sentencing. Following a prison sentence there is a required period of supervision the Defendant will be subjected to that is required. Federal Guidelines § 5D1.1(a) The court shall order a term of supervised release to follow imprisonment. The term of supervised release is not subject to approval by probation. Defendant appeared as required for the trials of two co-defendants while previously on bond and a third trial while detained. Following attempts on his life the Defendant continued to cooperate with the government. He has never failed to fulfil his obligations to the government in this case. Continued detention without sentencing is unreasonable for this Defendant.

**Conclusion**

Defendant requests the Court set the soonest possible sentencing date for Defendant or alternatively enter an order releasing him from detention in accordance with 18 U.S. 3142(b) or (c).

Respectfully submitted,

/s/ Michael Norman
Counsel for Defendant
801 W. Big Beaver Rd. Ste. 600
Troy, MI 48084
(248) 541-2600
Email: mike@bartonmorris.com

Dated: August 1, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

LAW OFFICE OF BARTON W. MORRIS, JR.

By: */s/ Michael Norman*
Michael Norman (P75844)
Counsel for Defendant
801 W Big Beaver, Suite 600
Troy, Michigan 48084
(248) 541-2600
Email: mike@bartonmorris.com

Dated: April 2, 2023

9

# EXHIBIT A

# WILLZ A2B AUTO SALES LLC

## 11040 HAYES DETROIT MI 48234

### PHONE 313-475-8585

To whom it may concern:

I Will Taner "owner WILLZ A2B AUTO SALES LLC" has a job position reserved for "Derrick Kennedy" upon his release. The position is Auto porter " mechanic as well as auto detailer"

Hours will be as follows: MON-FRI 8AM-5PM- Sat 8am-3pm. Feel free to contact me with any questions or concerns @ 313-728-3197

WILL TANER

OWNER

X _(signature)_

1

