UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERRICK KENNEDY,

    Defendant.
_____/

Case No. 15-20652-9

Hon. George Caram Steeh

## ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 2148)

Derrick Kennedy is before the Court seeking early termination from supervised release. On February 28, 2018, Kennedy pleaded guilty to RICO Conspiracy pursuant to a Rule 11 Plea Agreement. On December 14, 2023, the Court sentenced Kennedy to time served and 3 years of supervised release. Kennedy has served just over a year of his term of supervised release.

Mr. Kennedy bases his request to be released from supervision approximately two years early on the assertion that he has successfully reintegrated into society and has complied with all conditions of his supervision.

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervision, after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Hale*, No. 24-5362, 2025 WL 342341, at *1 (6th Cir. Jan. 30, 2025) (quoting *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (internal citation omitted)). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* (quoting *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003)). Compliance with the terms of supervised release, while admirable, "is expected of an individual on supervised release". *United States v. Butler*, No. 22-5877, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023).

Mr. Kennedy indicates that he has completed drug classes, maintained a part-time job, and is in the process of enrolling in trucking

-2-

school. While these actions are positive indicators of his continued success, at this stage of his sentence there is not a sufficient basis for ending his supervision early. The Court agrees with the government and probation that given Kennedy's history as a gang member and his history of violations while on bond, Kennedy would benefit from the structure and deterrence provided by additional time on supervision.

The Court finds that Kennedy is not presently a candidate for early termination of supervised release. The denial of his motion is without prejudice, meaning that Kennedy may renew his motion after he has completed a more significant term of supervision. If he chooses to renew his motion, Kennedy must show that early termination at that time is both warranted by his conduct and in the interest of justice.

For the reasons stated above, IT IS HEREBY ORDERED that defendant Derreck Kennedy's motion (ECF No. 2148) is DENIED without prejudice.

Dated:  February 13, 2025

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 13, 2025, by electronic and/or ordinary mail and also on Derrick Kennedy, 7733 Dacosta, Detroit, MI 48239.

s/LaShawn Saulsberry
Deputy Clerk