UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 15-cr-20652-09
                                           Honorable Linda V. Parker

D-9 DERRICK KENNEDY,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Derrick Kennedy filed a Motion for Early Termination of Supervised Release on May 8, 2025. On February 28, 2018, Defendant pleaded guilty to RICO Conspiracy pursuant to a Rule 11 Plea Agreement. On December 14, 2023, the Honorable George Caram Steeh sentenced Defendant for his role in the offense, which included a three- year term of supervised release. Defendant Kennedy began his term of supervised release on December 14, 2023. He has now served a bit more than half of his three-year term.

This matter was reassigned to the undersigned on April 23, 2025. The Government filed a response to Defendant's motion on May 7, 2025, stating that it leaves Defendant's request to the sound discretion of this Court.

Pursuant to § 3583(e), a district court, after considering a subset of sentencing factors set forth in § 3553(a), has the discretion to terminate a term of supervised release after the defendant's completion of one year of his or her supervised release term. 18 U.S. C. § 3583(e)(1).

The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established from the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D) & (4)–(7)).

The statute instructs that early termination of supervised release should occur only when the defendant's conduct and the interests of justice warrant such action. *Id.*

After consideration of the relevant sentencing factors, the Court finds that the requirements of early termination of Defendant's supervised release are

satisfied. Here, Defendant has served a bit more than half of his three-year term of supervised release. This time has served as a deterrence to criminal behavior as Defendant has remained crime free. Further, Defendant's probation officer informs the Court that Defendant has adjusted well to supervised release in that he has been compliant with the imposed supervised release terms including steady employment, reporting when instructed and remaining drug free.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e) is **GRANTED.**

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: July 29, 2025